1  STEPHEN H. TURNER, SB# 89627
      E-Mail: turner@lbbslaw.com
2  LARISSA G. NEFULDA, SB# 201903
      E-Mail: lnefulda@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant
   CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC
7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11 ROBIN BROWNDORF,                    CASE NO. CV11-02815 PSG

12         Plaintiff,                  STIPULATED PROTECTIVE ORDER
                                       FOR STANDARD LITIGATION
13     v.

14 CREDITORS INTERCHANGE
   RECEIVABLE MANAGEMENT,
15 LLC,

16         Defendant.

17

18

19         1.    PURPOSE AND LIMITATIONS

20

21         Disclosure and discovery activity in this action are likely to involve

22 production of confidential, proprietary, or private information for which special

23 protection from public disclosure and from use for any purpose other than

24 prosecuting this litigation may be warranted. Accordingly, the parties hereby

25 stipulate to and petition the court to enter the following Stipulated Protective Order.

26 The parties acknowledge that this Order does not confer blanket protections on

27 disclosures or responses to discovery and that the protection it affords from public

28 disclosure and use extends only to the limited information or items that are entitled

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1  to confidential treatment under the applicable legal principles. The parties
2  further acknowledge, as set forth in Section 12.3, below, that this Stipulated
3  Protective Order does not entitle them to file confidential information under
4  seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and
5  standards that will be applied when a party seeks permission from the court to
6  file material under seal.

7
8        2.      DEFINITIONS
9
10       2.1     Challenging Party:  a Party or Non-Party that challenges the
11 designation of information or items under this Order.
12       2.2     "CONFIDENTIAL" Information or Items:  information
13 (regardless of how it is generated, stored or maintained) or tangible things that
14 qualify for protection under Federal Rule of Civil Procedure 26(c).
15       2.3     Counsel  (without qualifier):  Outside Counsel of Record and
16 House Counsel (as well as their support staff).
17       2.4     Designating Party:  a Party or Non-Party that designates
18 information or items that it produces in disclosures or in responses to discovery as
19 "CONFIDENTIAL."
20       2.5     Disclosure or Discovery Material:  all items or information,
21 regardless of the medium or manner in which it is generated, stored, or
22 maintained (including, among other things, testimony, transcripts, and tangible
23 things), that are produced or generated in disclosures or responses to discovery in
24 this matter.
25       2.6     Expert:  a person with specialized knowledge or experience in
26 a matter pertinent to the litigation who has been retained by a Party or its
27 counsel to serve as an expert witness or as a consultant in this action.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-6644-8908.1                          2                          CV11-02815 PSG
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1    2.7    House Counsel: attorneys who are employees of a party to

2    this action. House Counsel does not include Outside Counsel of Record or any

3    other outside counsel.

4    2.8    Non-Party: any natural person, partnership, corporation,

5    association, or other legal entity not named as a Party to this action.

6    2.9    Outside Counsel of Record: attorneys who are not employees of

7    a party to this action but are retained to represent or advise a party to this action

8    and have appeared in this action on behalf of that party or are affiliated with a

9    law firm which has appeared on behalf of that party.

10    2.10    Party: any party to this action, including all of its officers,

11    directors, employees, consultants, retained experts, and Outside Counsel of

12    Record (and their support staffs).

13    2.11    Producing Party: a Party or Non-Party that produces

14    Disclosure  or Discovery Material in this action.

15    2.12    Professional Vendors: persons or entities that provide

16    litigation support services (e.g., photocopying, videotaping, translating,

17    preparing exhibits or demonstrations, and organizing, storing, or retrieving data

18    in any form or medium) and their employees and subcontractors.

19    2.13    Protected  Material: any Disclosure or Discovery Material that

20    is designated as "CONFIDENTIAL."

21    2.14    Receiving Party: a Party that receives Disclosure or Discovery

22    Material from a Producing Party.

23

24    3.    SCOPE

25

26    The protections conferred by this Stipulation and Order cover not

27    only Protected Material (as defined above), but also (1) any information copied

28    or extracted from Protected Material; (2) all copies, excerpts, summaries, or

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not wept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-6644-8908.1                                    5                                    CV11-02815 PSG
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1  identify the protected portion(s) (e.g., by making appropriate markings in the
2  margins).

3  A Party or Non-Party that makes original documents or materials
4  available for inspection need not designate them for protection until after the
5  inspecting Party has indicated which material it would like copied and produced.
6  During the inspection and before the designation, all of the material made
7  available for inspection shall be deemed "CONFIDENTIAL." After the
8  inspecting Party has identified the documents it wants copied and produced, the
9  Producing Party must determine which documents, or portions thereof, qualify
10  for protection under this Order. Then, before producing the specified
11  documents, the Producing Party must affix the "CONFIDENTIAL" legend to
12  each page that contains Protected Material. If only a portion or portions of the
13  material on a page qualifies for protection, the Producing Party also must clearly
14  identify the protected portion(s) (e.g., by making appropriate markings in the
15  margins).

16  (b)  for testimony given in deposition or in other pretrial or trial
17  proceedings, that the Designating Party identify on the record, before the close of
18  the deposition, hearing, or other proceeding, all protected testimony.

19  (c)  for information produced in some form other than
20  documentary and for any other tangible items, that the Producing Party affix in
21  a prominent place on the exterior of the container or containers in which the
22  information or item is stored the legend "CONFIDENTIAL." If only a portion or
23  portions of the information or item warrant protection, the Producing Party, to the
24  extent practicable, shall identify the protected portion(s).

25  5.3  Inadvertent Failures to Designate. If timely corrected, an
26  inadvertent failure to designate qualified information or items does not, standing
27  alone, waive the Designating Party's right to secure protection under this Order for
28  such material. Upon timely correction of a designation, the Receiving Party

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-6644-8908.1                6                CV11-02815 PSG
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1  must make reasonable efforts to assure that the material is treated in
2  accordance with the provisions of this Order.

4          6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6          6.1    Timing of Challenges.  Any Party or Non-Party may challenge a
7  designation of confidentiality at any time.  Unless a prompt challenge to a
8  Designating Party's confidentiality designation is necessary to avoid foreseeable,
9  substantial unfairness, unnecessary economic burdens, or a significant disruption
10 or delay of the litigation, a Party does not waive its right to challenge a
11 confidentiality designation by electing not to mount a challenge promptly after
12 the original designation is disclosed.

13         6.2    Meet and Confer.  The Challenging Party shall initiate the
14 dispute resolution process by providing written notice of each designation it is
15 challenging and describing the basis for each challenge.  To avoid ambiguity as
16 to whether a challenge has been made, the written notice must recite that the
17 challenge to confidentiality is being made in accordance with this specific
18 paragraph of the Protective Order.  The parties shall attempt to resolve each
19 challenge in good faith and must begin the process by conferring directly (in
20 voice to voice dialogue; other forms of communication are not sufficient) within
21 14 days of the date of service of notice.  In conferring, the Challenging Party
22 must explain the basis for its belief that the confidentiality designation was not
23 proper and must give the Designating Party an opportunity to review the
24 designated material, to reconsider the circumstances, and, if no change in
25 designation is offered, to explain the basis for the chosen designation.  A
26 Challenging Party may proceed to the next stage of the challenge process only if
27 it has engaged in this meet and confer process first or establishes that the

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-6644-8908.1                            7                          CV11-02815 PSG
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1  Designating Party is unwilling to participate in the meet and confer process in a
2  timely manner.

3        6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge
4  without court intervention, the Designating Party shall file and serve a motion
5  to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil
6  Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or
7  within 14 days of the parties agreeing that the meet and confer process will not
8  resolve their dispute, whichever is earlier. Each such motion must be
9  accompanied by a competent declaration affirming that the movant has complied
10 with the meet and confer requirements imposed in the preceding paragraph.
11 Failure by the Designating Party to make such a motion including the required
12 declaration within 21 days (or 14 days, if applicable) sall automatically waive
13 the confidentiality designation for each challenged designation. In addition, the
14 Challenging Party may file a motion challenging a confidentiality designation at
15 any time if there is good cause for doing so, including a challenge to the
16 designation of a deposition transcript or any portions thereof. Any motion
17 brought pursuant to this provision must be companied by a competent
18 declaration affirming that the movant has complied with the meet and confer
19 requirements imposed by the preceding paragraph.

20       The burden of persuasion in any such challenge proceeding shall be on
21 the Designating Party. Frivolous challenges, and those made for an improper
22 purpose (e.g., to harass or impose unnecessary expenses and burdens on other
23 parties) may expose the Challenging Party to sanctions. Unless the Designating
24 Party has waived the confidentiality designation by failing to file a motion to
25 retain confidentiality as described above, all parties shall continue to afford the
26 material in question the level of protection to which it is entitled under the
27 Producing Party's designation until the court rules on the challenge.

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

3      7.1   Basic Principles. A Receiving Party may use Protected

4  Material that is disclosed or produced by another Party or by a Non-Party in

5  connection with this case only for prosecuting, defending, or attempting to settle

6  this litigation. Such Protected Material may be disclosed only to the categories

7  of persons and under the conditions described in this Order. When the

8  litigation has been terminated, a Receiving Party must comply with the

9  provisions of section 13 below (FINAL DISPOSITION).

10      Protected Material must be stored and maintained by a Receiving

11  Party at a location and in a secure manner that ensures that access is limited to the

12  persons authorized under this Order.

13      7.2   Disclosure o f "CONFIDENTIAL" In formation or Items.

14  Unless otherwise ordered by the court or permitted in writing by the

15  Designating Party, a Receiving Party may disclose any information or item

16  designated "CONFIDENTIAL" only to:

17      (a) the Receiving Party's Outside Counsel of Record in this

18  action, as well as employees of said Outside Counsel of Record to whom it is

19  reasonably necessary to disclose the information for this litigation and who have

20  signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto

21  as Exhibit A;

22

23      (b) the officers, directors, and employees (including House

24  Counsel) of the Receiving Party to whom disclosure is reasonably necessary

25  for this litigation and who have signed the "Acknowledgment and Agreement to

26  Be Bound" (Exhibit A);

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-6644-8908.1                    9                    CV11-02815 PSG

1     (c)  Experts (as defined in this Order) of the Receiving Party to

2  whom disclosure is reasonably necessary for this litigation and who have signed

3  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4     (d)   the court and its personnel;

5     (e)  court reporters and their staff, professional jury or trial

6  consultants, mock jurors, and Professional Vendors to whom disclosure is

7  reasonably necessary for this litigation and who have signed the

8  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9     (f)  during their depositions, witnesses in the action to whom

10  disclosure  is reasonably necessary and who have signed the "Acknowledgment

11  and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

12  Designating Party or ordered by the court.  Pages of transcribed deposition

13  testimony or exhibits to depositions that reveal Protected Material must be

14  separately bound by the court reporter and may not be disclosed to anyone

15  except as permitted under this Stipulated Protective Order.

16     (g)   the author or recipient of a document containing the

17  information or a custodian or other person who otherwise possessed or knew the

18  information.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other

litigation that compels disclosure of any information or items designated in this

action as "CONFIDENTIAL," that Party must:

     (a)   promptly notify in writing the Designating Party.  Such

notification shall include a copy of the subpoena or court order;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1          (b)  promptly notify in writing the party who caused the

2  subpoena or order to issue in the other litigation that some or all of the material

3  covered by the subpoena or order is subject to this Protective Order. Such

4  notification shall include a copy of this Stipulated Protective Order; and

5          (c)  cooperate with respect to all reasonable procedures sought

6  to be pursued by the Designating Party whose Protected Material may be

7  affected.

8        If the Designating Party timely seeks a protective order, the Party

9  served with the subpoena or court order shall not produce any information

10  designated in this action as "CONFIDENTIAL" before a determination by the

11  court from which the subpoena or order issued, unless the Party has obtained

12  the Designating Party's permission. The Designating Party shall bear the burden

13  and expense of seeking protection in that court of its confidential material – and

14  nothing in these provisions should be construed as authorizing or encouraging a

15  Receiving party in this action to disobey a lawful directive from another court.

16

17       9.    <u>A NON-P ARTY'S PROTEC TED MATERIAL SOUGH TO</u>

18                 <u>BE PRODUCED IN THIS LITIGATION</u>

19

20          (a)    The terms of this Order are applicable to information

21  produced by a Non-Party in this action and designated as "CONFIDENTIAL."

22  Such information produced by Non-Parties in connection with this litigation is

23  protected by the remedies and relief provided by this Order. Nothing in these

24  provisions should be construed as prohibiting a Non-Party from seeking additional

25  protections.

26          (b)    In the event that a Party is required, by a valid

27  discovery request, to produce a Non-Party's confidential information in its

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

possession, and the Party is subject to an 2agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      3.    make the information requested available for inspection by the Non-Party.

      (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.



1
2
3

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED
MATERIAL</u>

4    If a Receiving Party learns that, by inadvertence or otherwise, it
5 has disclosed Protected Material to any person or in any circumstance not
6 authorized under this Stipulated Protective Order, the Receiving Party must
7 immediately (a) notify in writing the Designating Party of the unauthorized
8 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
9 Protected Material, (c) inform the person or persons to whom unauthorized
10 disclosures were made of all the terms of this Order, and (d) request such
11 person or persons to execute the "Acknowledgment and Agreement to Be
12 Bound" that is attached hereto as Exhibit A.

13
14
15
16

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR
OTHERWISE PROTECTED MATERIAL</u>

17    When a Producing Party gives notice to Receiving Parties that
18 certain inadvertently produced material is subject to a claim of privilege or other
19 protection, the obligations of the Receiving Parties are those set forth in Federal
20 Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify
21 whatever procedure may be established in an e-discovery order that provides for
22 production without prior privilege review. Pursuant to Federal Rule of Evidence
23 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
24 of a communication or information covered by the attorney-client privilege or
25 work product protection, the parties may incorporate their agreement in the
26 stipulated protective order submitted to the court.

27 ///
28 ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

12.   MISCELLANOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving party must return all Protected Material to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Producing Party or destroy such material.  As used in this subdivision, "all

2  Protected Material" includes all copies, abstracts, compilations, summaries, and

3  any other format reproducing or capturing any of the Protected Material.

4  Whether the Protected Material is returned or destroyed, the Receiving Party must

5  submit a written certification to the Producing Party (and, if not the same person

6  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

7  category, where appropriate) all the Protected Material that was returned or

8  destroyed and (2)affirms that the Receiving Party has not retained any copies,

9  abstracts, compilations, summaries or any other format reproducing or capturing

10  any of the Protected Material.  Notwithstanding this provision, Counsel are

11  entitled to retain an archival copy of all pleadings, motion papers, trial,

12  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

13  and trial exhibits, expert reports, attorney work product, and consultant and

14  expert work product, even if such materials contain Protected Material.  Any such

15  archival copies that contain or constitute Protected Material remain subject to

16  this Protective Order as set forth in Section 4 (DURATION).

17

18  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19

20  DATED: October 18, 2011           LAW OFFICES OF WILLIAM E. KENNEDY

21

22                                            By: /s/ William E. Kennedy
                                                  William E. Kennedy
23                                                Attorneys for ATTORNEYS FOR
                                                  PLAINTFF, ROBIN BROWNDORF
24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   DATED: October 18, 2011          LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3                                    By: /s/ Larissa G. Nefulda
                                         Stephen H. Turner
4                                        Larissa G. Nefulda
                                         Attorneys for ATTORNEYS FOR
5                                        DEFENDANT, CREDITORS
                                         INTERCHANGE RECEIVABLE
6                                        MANAGEMENT

7

8

9   PURSUANT TO STIPULATION, IT IS SO ORDERED.

10

11

12  DATED:  October _20_ , 2011          Paul S. Aewe
                                         United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BOUND

1, _____, of _____,

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ in the case of

_____. I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and

acknowledgment that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District

court for the Northern District of California for the purpose of enforcing the terms of

his Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ of

_____, (___-) as my California agent

for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


DATE:   October _____, 2011

City and State where sworn and signed: _____


Print Name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW